UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:17CR160(VLB) |
| | : | |
| LEONLE QUIROS | : | August 24, 2018 |

### GOVERNMENT'S MEMO IN AID OF SENTENCING

On February 28, 2018, the defendant appeared before Hon. Robert A. Richardson, USMJ, and entered a plea of guilty to conspiracy to possess with intent to distribute and to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846, which is a lesser included offense of the charge in Count One of the superseding indictment.   He is scheduled for sentencing on August 29, 2018.   The government submits this memorandum to assist the Court in fashioning an appropriate sentence.

The defendant offered his plea pursuant to a written plea agreement. The plea agreement contained a Guideline stipulation.   The agreed-upon base offense level for the Count One offense is 24, based on an attribution to the defendant of at least 500 grams but less than 2 kilograms of a mixture and substance containing a detectable amount of cocaine.   The parties agreed that a 3-level reduction for acceptance of responsibility would be appropriate, as

well as a 3-level reduction to reflect the minor role the defendant played in the offense conduct.   The total offense level agreed to by the parties is therefore 18.   The parties calculated the defendant's Criminal History Category as I which yields a recommended Guideline range of 27 to 33 months of imprisonment, supervised release of at least three years and up to life, and a fine of from $5,500 to $1 million.   In addition, in the view of the government, the defendant has qualified for application of the so-called "safety-valve" under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.   Accordingly, the government urges the Court to make the requisite finding, and recommends that the Court sentence the defendant without regard to the otherwise applicable mandatory minimum sentence, and afford the defendant a further 2-level reduction.   This would bring his recommended sentencing range to 21 to 27 months.

The Office of Probation has completed a PSR in the case which, at Paragraphs 25 to 35, 38 and 67, calculates the defendant's recommended sentencing range as 41 to 51 months.   The discrepancy between the two sets of calculations flows from three points.

First, USPO began its calculation with a base offense level of 26, which was based on a cocaine attribution of 2 to 3.5 kilograms of cocaine.   This is not an unreasonable attribution for the defendant.   His involvement in the

Orlando Quiros conspiracy consisted in his assisting his brother, Orlando Quiros, with ensuring that the mail shipments of cocaine from Puerto Rico made it safely to Quiros's hand.   This took the form of being the contact between Orlando Quiros and Corey Best, a co-defendant who had been recruited to receive cocaine-filled packages from Puerto Rico, and of assisting Orlando Quiros as he actually picked up cartons of cocaine after they had been delivered.   Based on information developed in the investigation, including package seizures by U.S. Postal Inspectors, each of these packages contained at least 2 kilograms of cocaine.   However, while the defendant was clearly aware that the packages contained a substantial quantity of cocaine because of his general familiarity with what his brother was doing and the clandestine context in which the packages were received, it is not clear that he knew that they contained as much as 2 kilograms.   Accordingly, it is the government's view that the quantity of 500 grams to 2 kilograms, agreed to by the parties in the plea agreement, represents a more clearly provable, and certainly fair, attribution to the defendant.

Second, Probation assessed a 2-level increase for the hand gun which was seized from the defendant's residence on the day of his arrest. While, again, this is not unreasonable, the government did not include the enhancement in its agreement with the defendant because it has no evidence that the presence

of the handgun in the defendant's residence was connected with the offense. *See* U.S.S.G. § 2D1.1, Application Note 11(A). For the same reason, the government does not view the presence of the weapon as disqualifying for safety valve purposes.  *See* U.S.S.G. § 5C1.2(a)(2) ["posses a firearm . . . *in connection with the offense*"].

Third, as is set forth above, as of now, the government believes that the defendant has qualified for application of the safety-valve and, under U.S.S.G. § 2D1.1(b)(17), the Court may afford him a 2-level reduction.

In reviewing the plea agreement and other materials in connection with preparing this memorandum, government counsel has noticed that the parties overlooked U.S.S.G. §  5C1.2(b)(2), which limits the effect of the safety-valve reduction to a minimum of a total offense level of 17.  In the plea agreement, the parties agreed to a calculation which, including the safety-valve reduction, would result in a total offense level of 16.  At level 17, CHC I, the recommended range would be 24 to 30 months of imprisonment.  While the government agrees that the Guideline provision should apply, it urges the Court to give effect to the agreement of the parties, notwithstanding its oversight, under *United States v. Fernandez,* 877 F.2d 1138 (2d Cir. 1989).

In light of the customarily thorough and complete review of the circumstances of the case and the defendant contained in the PSR, and the

**cogent and detailed memorandum filed by the defendant, the government urges the Court to consider the Guideline range and calculation of the parties and Probation, and all of the matters raised in the PSR, and to factor in its own concerns and considerations, subject, of course, to arguments which may be advanced by the defendant at sentencing and the responses thereto of the government.**

**Respectfully submitted,**

**JOHN H. DURHAM**
**UNITED STATES ATTORNEY**


**/s/ H. GORDON HALL**
**ASSISTANT U.S. ATTORNEY**
**Federal Bar No. CT05153**
**157 Church Street, 23rd Floor**
**New Haven, CT   06510**
**Tel.: (203) 821-3700**
**Fax: (203) 773-5391**
**Gordon.Hall@usdoj.gov**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2018, a copy of the foregoing Government's Memorandum, was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the court's CM/ECF System.

      /s/ H. GORDON HALL
      ASSISTANT U.S. ATTORNEY
      Federal Bar No. CT05153
      157 Church Street, 23rd Floor
      New Haven, CT   06510
      Tel.: (203) 821-3700
      Fax: (203) 773-5391
      Gordon.Hall@usdoj.gov